59 F.3d 173
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 George DZIKUNOO, Plaintiff-Appellant,
v.
McGAW YMCA, Defendant-Appellee.
 No. 94-2754.
 United States Court of Appeals, Seventh Circuit.
 Argued April 13, 1995.
Decided June 20, 1995.
 
 Before POSNER, Chief Judge, and ESCHBACH and MANION, Circuit Judge.
 
 ORDER
 
 1
 Plaintiff George Dzikunoo sued his former employer, the McGaw YMCA of Evanston, Illinois (the "YMCA"), for breach of an employment contract after he was fired from his job as a night supervisor. His complaint alleged that an employee manual granted him a right, pursuant to Duldulao v. St. Mary of Nazareth Hospital Center, 505 N.E.2d 314 (Ill. 1987), to be fired only for just cause and only after providing him with a written warning or suspension without pay. A jury returned a verdict in favor of Dzikunoo. Following the verdict, however, the district court granted the YMCA judgment as a matter of law. Dzikunoo appeals. We affirm.
 
 I. Background
 
 2
 On April 26, 1985, the YMCA hired George Dzikunoo as a night supervisor and provided him with a copy of its Staff Information Handbook. The handbook provides in pertinent part:
 
 STAFF INFORMATION MANUAL
 
 3
 This manual is provided to each member as an aid to learning about the YMCA, the advantages of working in the organization and the expectations for successful job performance.
 
 
 4
 Please read this manual thoroughly. If you have questions on anything in the manual, please speak with your supervisor.
 
 
 5
 * * *
 
 
 6
 * * *
 
 RULE OF CONDUCT
 
 7
 Unsatisfactory behavior will result in a disciplinary action such as a written warning or suspension without pay. Repeated offenses will result in dismissal. Except in the case of serious breach of conduct, the following steps will normally be followed:
 
 First Offense-Oral Warning
 Second Offense-Written Warning
 
 8
 Third Offense-Written Warning or Suspension
 
 Fourth Offense-Discharge
 
 9
 On February 4, 1991, the YMCA terminated Dzikunoo. In response, Dzikunoo sued the YMCA for breach of contract claiming that the employee handbook created an employment contract requiring just cause and a written warning or suspension without pay before he could be fired. After a jury trial, the jury awarded Dzikunoo $17,000 for breach of contract. The district court disagreed and granted the YMCA judgment as a matter of law, holding that the Staff Information Handbook's language did not create an employment contract and thus Dzikunoo was terminable at will. Dzikunoo appeals.
 
 II. Analysis
 
 10
 To determine whether the YMCA was entitled to judgment as a matter of law, we must first determine whether an employment contract existed. That is a question of law for the court and it is reviewed de novo. Mansourou v. John Crane, Inc., 618 N.E.2d 689 (Ill. App. 1993). See also Davis v. John Crane, Inc., 633 N.E.2d 929 (Ill. App. 1994) (holding that as a matter of law no employment contract existed and thus directed verdict was appropriate).
 
 
 11
 It is well established in Illinois that an employment relationship without a fixed duration is presumed terminable at will. Duldulao, 505 N.E.2d at 317-18. To overcome this presumption, an employee must establish that an employment contract existed. Dzikunoo here attempts to establish that he had an employment contract with the YMCA based on the employee handbook. In support of his position, Dzikunoo relies on Duldulao, "the first Illinois Supreme Court case to address the contractual rights of otherwise 'at will' employees who assert breach of contract claims based on the existence of employee handbooks or manuals." Williams v. Chicago Housing Auth., 578 N.E.2d 71, 73 (Ill. App. 1991). In Duldulao the court set forth the following elements a plaintiff must prove to establish that an employee handbook created an employment contract:
 
 
 12
 First, the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made. Second, the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer. Third, the employee must accept the offer by commencing or continuing to work after learning of the policy statement.
 
 
 13
 Duldulao, 505 N.E.2d at 318.
 
 
 14
 In this case, the focus is on the first element, namely whether the YMCA's Staff Information Handbook contained a promise clear enough that an employee would reasonably believe that an offer was made. This is "a threshold question of law to be determined by the court." Mansourou, 618 N.E.2d at 692. To determine whether the Staff Information Handbook was sufficiently specific to create a clear and definite promise, the court must look to the handbook's language. Duldulao, 505 N.E.2d at 318-319; Lampe v. Swan Corp., 571 N.E.2d 245, 246 (Ill. App. 1991).
 
 
 15
 Our review of the language contained in the Staff Information Handbook leads us to agree with the district court that the language cannot reasonably be interpreted as an offer of more than at-will employment. This language provided that "[u]nsatisfactory behavior will result in a disciplinary action such as a written warning or suspension without pay." It also noted that "the following steps will normally be followed." This language was discretionary and too indefinite to be reasonably interpreted as an offer to terminate only for just cause and only after having given a written warning or suspension without pay.[1] Harrell v. Montgomery Ward & Co., Inc., 545 N.E.2d 373, 377 (Ill. App. 1989) ("[G]eneral statements of company policy or procedures which are discretionary in nature have been held too indefinite to constitute a clear promise which could reasonably be interpreted as an offer."); Frank v. South Suburban Hosp. Found., 628 N.E.2d 953, 958 (Ill. App. 1993) (handbook which provides that progressive discipline "may" be used, does not mandate progressive discipline). This language is also substantially different than that used in the employee handbook in Duldulao. In Duldulao the employee handbook used mandatory language stating that permanent employees "are never dismissed without prior written admonitions," and that "three warning notices within a twelve-month period are required before an employee is dismissed." Duldulao, 505 N.E.2d at 318. The language used in the YMCA's Staff Information Handbook cannot be compared to this type of mandatory, nondiscretionary language used by the Illinois Supreme Court in Duldulao. Therefore, the district court properly held that the Staff Information Handbook was insufficient to cause an employee to reasonably believe that an offer had been made to alter the at-will employment relationship. Accordingly, Dzikunoo cannot maintain a breach of employment contract case. For these reasons, we
 
 
 16
 AFFIRM.
 
 
 
 [1]
 Dzikunoo points to the word "expectations" in the Staff Information Handbook as proof that an offer had been made. This, if anything, demonstrates the contrary, that disciplinary procedures contained in the Staff Information Handbook were discretionary. See e.g., Doe v. First Nat. Bank of Chicago, 865 F.2d 864, 873 (7th Cir. 1989) (handbook providing that supervisors are expected to adhere to certain disciplinary guidelines was insufficient to constitute a promise clear enough that an employee would reasonably believe that an offer for continued employment had been made); Lee v. Canuteson, 573 N.E.2d 318, 322 (Ill. App. 1991) (handbook stating that progressive discipline approach may be used to communicate to employees what work habits and skills are expected of them was insufficient to constitute a promise clear enough that an employee would reasonably believe that an offer for continued employment had been made)